**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000469**
**24-APR-2019**
**07:57 AM**

NO. CAAP-16-0000469

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BANK OF AMERICA, N.A., Plaintiff-Appellee, v.
THOMAS EUGENE WEBB; ABOUT TIME ACQUISITIONS LLC;
PUU HELEAKALA COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants,
and
GABI KIM COLLINS, Non-Party-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0992)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Reifurth, JJ.)

In this appeal arising out of a foreclosure action, we
construe Non-Party-Appellant Gabi Kim Collins to appeal from the
April 28, 2016 Writ of Possession; the May 16, 2016 Amended
Findings of Fact, Conclusions of Law, Order Granting Plaintiff's
Motion for Summary Judgment Against All Parties and for
Interlocutory Decree of Foreclosure Filed June 5, 2013 ("Amended
FOF/COL"); and the July 20, 2016 Order Denying Gabi Collins'
Motion Based Upon Newly Discovered Evidence to Disqualify the
Honorable Judge Bert I. Ayabe from All Proceedings in Civil No.
12-1-992-04 and Pursuant to HRCP Rule 60(b) to Set Aside All
Orders and Judgments Entered by Disqualified Judge Bert I. Ayabe
in this Action, Filed March 17, 2016 ("Order Denying Motion to

Disqualify");[1] each entered by the Circuit Court of the First Circuit ("Circuit Court")[2] in favor of Plaintiff-Appellee Bank of America, N.A. ("BOA").

We further construe Collins as arguing on appeal that the Circuit Court erred in: (1) finding that BOA had standing and was entitled to foreclose and credit bid on the subject-property; (2) allowing the Mortgage Electronic Registration Systems, Inc., the mortgagee under the security agreement, to participate as a party to the foreclosure action; (3) finding that BOA satisfied the elements of their cause of action; (4) depriving a registered property owner of their right to come into the court and claim their interest in the property through the judicial process; (5) granting summary judgment to BOA; (6) assuming that a copy of the note in this case is the same as an original negotiable instrument; (7) "forcibly taking" Collins' property while simultaneously blocking her access to the court, and her right to due process, without just compensation; (8) failing to act impartially; (9) denying Collins' motions to intervene; and (10) dismissing Collins' motion to disqualify.

After a careful review and consideration of the parties' arguments, the record on appeal, and relevant legal authorities, we resolve Collins' points on appeal as follows.

I.    Collins' standing and this court's limited jurisdiction.

Collins lacks standing to appeal from the Amended FOF/COL and the Order Denying Motion to Disqualify because she failed to intervene pursuant to Hawai'i Rules of Civil Procedure ("HRCP") Rule 24.[3]  The Hawai'i Supreme Court has stated that

---

[1]    The order was denied specifically because, it concluded, Collins lacked standing to bring the motion as she was not a party.

[2]    The Honorable Bert I. Ayabe presided.

[3]    Rule 24 states in relevant part:

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute,

> Generally, the requirements of standing to appeal are: (1) *the person must first have been a party to the action;* (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, *i.e.*, the person must be one who is affected or prejudiced by the appealable order.

*Abaya v. Mantell*, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (emphasis in original) (quoting *Kepo'o v. Watson*, 87 Hawai'i 91, 95, 952 P.2d 379, 383 (1998)). With respect to the first requirement for standing to appeal, *"nonparties, who did not or could not intervene, are ordinarily denied standing to appeal."* *Id.* (emphasis in original) (citing *Stewart Props, Inc. v. Brennan*, 8 Haw. App. 431, 433, 807 P.2d 606, 607 (1991)). "An order denying an application for intervention under HRCP Rule 24 is a final appealable order under [Hawaii Revised Statutes] § 641-1(a)." *Hoopai v. Civil Serv. Comm'n*, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citing *Baehr v. Miike*, 80 Hawai'i 341, 343-45, 910 P.2d 112, 114-16 (1996)).

Here, BOA never named Collins as a defendant in the underlying action, and Collins was not allowed to intervene. Collins attempted to intervene in emergency motions to intervene filed on January 28, 2014 and February 5, 2016. An order denying the January 28, 2014 motion to intervene was filed on April 11, 2014. Collins is precluded from challenging the denial of her motion because, not only did she fail to timely appeal from the April 11, 2014 order, she did not appeal from any *final judgment*. *Cf. Hoopai*, 106 Hawai'i at 215, 103 P.3d at 375 ("The failure to take an immediate appeal from a collateral order does not

---

> ordinance or executive order administered by an officer, agency or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> **(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

Haw. R. Civ. P. 24(b), (c).

preclude review of the order on appeal *from a final judgment.*" (emphasis added) (citing *Kukui Nuts of Hawaii, Inc. v. Baird & Co., Inc.*, 7 Haw. App. 598, 617, 789 P.2d 501, 514 (1990) ("[W]here relief can be afforded from the terms of a collateral order *upon appeal from the final judgment*, the collateral order may be reviewed at that time, and the right to appeal the collateral order is not forfeited because it was not appealed from when it was entered." (emphasis added)))).

Collins is also precluded from challenging the denial of her February 5, 2016 motion to intervene. In a March 3, 2016 minute order, the Circuit Court stated that it was denying the February 5, 2016 Motion to Intervene because it was untimely and procedurally improper, but it never reduced the minute order to a written order. "[A] minute order is not an appealable order." *Abrams v. Cades, Schutte, Fleming & Wright*, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998). We therefore decline to address any arguments relating to the denial of the February 5, 2016 motion to intervene. *See NationStar Mortgage LLC v. Balocon*, No. CAAP-17-0000391, 2018 WL 3114474, at *2-3 (Haw. Ct. App. June 25, 2018) (noting that although the trial court issued a minute order denying a motion to intervene, the minute order was not reduced to writing, and therefore, declining to address issues related to appellant's motion to intervene because such issues "should be brought on appeal from an *Order* disposing of [appellant's] Motion to Intervene").

Accordingly, because she failed to intervene, and failed to appeal from the Circuit Court's April 11, 2014 order denying her motion to intervene or the December 29, 2014 final judgment, Collins, as a non-party to the underlying action, lacks standing to appeal from the May 16, 2016 Amended FOF/COL and the July 20, 2016 Order Denying Motion to Disqualify. It therefore follows that Collins' appeal, as it relates to BOA's right to foreclose on the subject-property and the Circuit Court's ruling on the motion to disqualify should be dismissed. *See Abaya*, 112 Hawaiʻi at 183-84, 145 P.3d at 726-27 (dismissing appeal on grounds that appellant lacked standing because it failed to intervene pursuant to HRCP Rule 24).

4

II.   Collins' appeal from the writ of possession.

We have jurisdiction regarding Collins' appeal from the April 28, 2016 Writ of Possession, which ordered that Collins, among others be ejected from the subject property.  Collins' appeal is timely due to her filing a motion to reconsider the April 28, 2016 Judgment relating to the April 28, 2016 Order Approving Commissioner's Report and Granting Plaintiff's Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments, Filed January 13, 2016 ("Order Granting Foreclosure Sale and for Writ") and the application of *Ass'n of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Directors v. Sakuma*, 131 Hawaiʻi 254, 256, 318 P.3d 94, 96 (2013).  The fact that Collins is a non-party to the underlying action does not bar her from appealing from the Writ of Possession entered against her.  *See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 113 Hawaiʻi 251, 276, 151 P.3d 732, 757 (2007) (holding that a non-party has standing to appeal without having intervened in the underlying litigation where a court order "directly binds the nonparty by name" (quoting 15A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction and Related Matters* § 3902.1, at 44323 (2006))).  Therefore, this court has jurisdiction over Collins' appeal to the limited extent that Collins is entitled to appellate review of the Writ of Possession which expressly authorizes her removal from the property.

III.  The Circuit Court abused its discretion in
      entering the Writ of Possession against Collins,
      but not otherwise.

In her seventh point of error, Collins alleges that the Circuit Court erred in "forcibly 'taking' a property from [her], along with [her] livelihood, while simultaneously blocking [her] access to the court, and blocking [her] right to due process, leaving [her] a victim of a hostile government takeover, without just compensation."  This appears to be the only point of error, notwithstanding that it hints at an eminent-domain-related argument, that can be construed as challenging the Circuit

Court's Writ of Possession. Although Collins' reasoning is flawed, we hold that the Circuit Court abused its discretion in issuing the Writ of Possession against Collins because she was never made a party to the underlying action.

"Generally, '[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Kahala Royal Corp.*, 113 Hawai'i at 277, 151 P.3d at 758 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969)). Further, "[i]n order for the decree of the lower court to be binding upon such [absent] persons, they must be made parties to the suit, either as plaintiffs or defendants." *Haiku Plantations Ass'n v. Lono*, 56 Haw. 96, 102, 529 P.2d 1, 5 (1974) (quoting *Filipino Fed'n of Am., Inc. v. Cubico*, 46 Haw. 353, 372, 380 P.2d 488, 498 (1963)).

Here, despite the fact that the Circuit Court denied Collins' requests to intervene in the underlying case, the April 28, 2016 Writ of Possession and the Order Granting Foreclosure Sale and for Writ[4] explicitly directed the sheriff and chief of police to remove, among other persons, "Gabrielle Collins of ABOUT TIME ACQUISITIONS LLC" from the foreclosed upon-real-property. To the extent that the order and the writ named Collins in her personal capacity, as opposed to as a member of About Time Acquisitions LLC, which was a named-defendant in the underlying action, the Circuit Court erred in rendering a binding adjudication against Collins, as a non-party, from which she was aggrieved. Therefore, we conclude that the Circuit Court abused its discretion in issuing the Writ of Possession *against Collins*. *See Balocon*, 2018 WL 3114474, at *3 (holding that the trial court erred in explicitly including non-party appellant in its order

_____

[4]     Collins does not appeal from the April 28, 2016 Order Granting Foreclosure Sale and for Writ or the corresponding judgment, and does not identify any points of error or arguments on appeal regarding the confirmation of the foreclosure sale. Therefore, although we discuss the April 28, 2016 order, we decline to address challenges to the confirmation of sale itself, and limit our review of the order and judgment to the extent that it overlaps with the Writ of Possession. *See Weinberg v. Mauch*, 78 Hawai'i 40, 49, 890 P.2d 277, 286 (1995) ("[Defendants] do not present an argument as to why the trial court erred by granting the motion. . . . [T]herefore, [they] have not properly presented this issue on appeal, and it is not subject to review by this court.").

granting confirmation of sale and judgment and issuing writ of possession against appellant); *see also Loyalty Dev. Co. v. Wholesale Motors, Inc.*, 61 Haw. 483, 491, 605 P.2d 925, 930 (1980) (reviewing writ of possession under an abuse of discretion standard). The remainder of the Writ of Possession is unaffected by our review.

Therefore, the appeal as it relates to the May 16, 2016 Amended FOF/COL and the July 20, 2016 Order Denying Motion to Disqualify is dismissed; and the April 28, 2016 Writ of Possession is vacated to the extent that it names non-party Collins in her personal capacity. This case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai‘i, April 24, 2019.

On the briefs:

Gabi Kim Collins
Pro Se Non-Party-Appellant.

Patricia J. McHenry and
Allison Mizuo Lee
(Cades Schutte LLP)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7